UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRAFT LLC AND 30 HOP LLC,<br>collectively d/b/a/ 30 HOP,<br><br>Defendants. | CIVIL ACTION NO. 3:16-CV-00093 |

**COMPLAINT**

The United States of America alleges:

**Introduction**

1. Craft LLC and 30 Hop LLC, collectively doing business as 30 Hop (Defendants) violated Title III of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12181–12189, and its implementing regulation, 28 C.F.R. part 36, by failing to design and construct a restaurant and bar, 30 Hop, so that it is readily accessible to and usable by individuals with disabilities, including by failing to design and construct 30 Hop in compliance with the 2010 ADA Standards for Accessible Design.  See C.F.R. § 36.104 (defining the "2010 ADA Standards" as the requirements set forth in appendices B and D to 36 C.F.R. part 1191 and the requirements contained in subpart D of 28 C.F.R. part 36). More specifically, Defendants failed to provide an accessible route between stories and

1

throughout 30 Hop; an accessible entrance; stairs with closed risers; accessible tables; and accessible toilet rooms, and that discrimination raises an issue of general public importance.  42 U.S.C. § 12188(b)(1)(B).

2. The Court has jurisdiction over this action pursuant to 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345.  The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue lies in this District and this Division pursuant to 28 U.S.C. § 1391 because all of the claims and events giving rise to this action occurred in this District.

4. Defendants' principal place of business is at 900 East 2nd Avenue, Coralville, Iowa.

5. Defendants own and operate 30 Hop, a place of public accommodation, located at 900 East 2nd Avenue, Coralville, Iowa.

6. Defendants are public accommodations under the ADA.  42 U.S.C. § 12181(7)(B); 28 C.F.R. § 36.104.

7. Defendants designed and constructed 30 Hop.  42 U.S.C. § 12183.

## Facts

8. Defendants started constructing 30 Hop in March 2013 and it opened for business in August 2014.

9. 30 Hop is a restaurant and bar with an upper level rooftop patio.  30 Hop's rooftop patio seats 130 customers, and includes food service and a selection of craft beers.  The rooftop has different amenities than other areas in 30 Hop including patio seating, lava rock fireboxes, heat lamps, sparkle lighting, and a panoramic view of the surrounding area.  30 Hop's rooftop patio has served as a venue for live entertainment, including weekly

live music advertised as "rhythm and brews" at the "top of the hop," and local groups and organizations have held events on the rooftop patio.

10. Defendants failed to provide elevator access to the rooftop patio; the only access they provided to the rooftop patio is by stairs from the ground level.

11. Defendants have discriminated and continue to discriminate against individuals with disabilities in violation of Title III of the ADA, its implementing regulation, and the 2010 ADA Standards by failing to design and construct 30 Hop to be readily accessible to and usable by individuals with disabilities, including as follows:

   a. **Accessible routes:** Defendants failed to provide an accessible route from the ground floor level to the basement and failed to provide an accessible route from the ground floor to the upper floor (rooftop patio terrace) levels in violation of the ADA and the 2010 ADA Standards. More specifically, Defendants failed to provide:

      i. At least one accessible route connecting each story in their multi-story building and facility, 30 Hop, in violation of 2010 ADA Standards § 206.2.3;

      ii. At least one accessible route connecting their accessible building or facility entrances with all accessible spaces and elements within their building or facility, 30 Hop, that are otherwise connected by a circulation path in violation of 2010 ADA Standards § 206.2.4;

      iii. An accessible route to all restaurant dining areas, including outdoor dining areas at 30 Hop in violation of 2010 ADA Standards § 206.2.5; and

      iv. Employee work areas that allow individuals with disabilities to approach, enter, and exit the employee work area, and common use circulation paths within employee work areas that are on an accessible route in violation of 2010 ADA Standards §§ 203.9, 206.2.8.

b. **Exterior doors:** Defendants failed to provide sufficient maneuvering clearance at the latch side in the pull direction at the front entrance single hinged door adjacent to the revolving door in violation of 2010 ADA Standards § 404.2.4.1.

c. **Stairways:** Defendants failed to provide closed risers on the unenclosed stairs between the first and second floors in violation of 2010 ADA Standards § 504.3.

d. **Dining surfaces**: Defendants did not provide 5 percent accessible dining surfaces dispersed throughout the restaurant, including the ground floor bar, bar dining area, main dining area, and outdoor dining area; and upper level rooftop patio terrace bar, floor mounted drink rails, and outdoor dining area, with clear floor space at a minimum of 30 inches wide and a minimum of 48 inches deep positioned for a forward approach, knee and toe clearance extending a minimum of 17 inches under the dining surface, and a dining surface 28 inches minimum and 34 inches maximum above the finish floor in violation of 28 C.F.R. § 36.302(a), and 2010 ADA Standards §§ 226.1, 226.2, 305, 306, 902.2, 902.3.

 e. **First floor multi-user toilet room, Men:**

  i. The door, an interior hinged door, has a maximum opening force for pushing or pulling of greater than 5 pounds in violation of 2010 ADA Standards § 404.2.9.

  ii. The lavatory has knee space depth less than 8 inches deep and knee space height less than 27 inches above the finish floor in violation of 2010 ADA Standards § 306.3.3.

  iii. The mirror located above the countertop has a height to the bottom edge of the reflecting surface of greater than 40 inches above the finish floor in violation of 2010 ADA Standards § 603.3.

  iv. Paper towel dispenser:

   1. The forward and side reach height of the operable controls are mounted more than 48 inches above the finish floor in violation of 2010 ADA Standards §§ 308.2.1, 308.3.1.

   2. The dispenser is not operable with one hand and requires tight grasping, pinching, or twisting of the wrist in violation of 2010 ADA Standards § 309.4.

  v. Designated Accessible Toilet compartment:

   1. The toilet compartment door swings into and encroaches on the minimum required compartment length in violation of 2010 ADA Standards § 604.8.1.2.

   2. The door pulls are not placed on both sides of the door near the latch in violation of 2010 ADA Standards § 604.8.1.2.

      3. The toilet paper dispenser centerline is not between 7 and 9 inches horizontally from the front of the water closet measured to the centerline of the dispenser in violation of 2010 ADA Standards § 604.7.

      4. The side grab bar has less than 1½ inches between the grab bar and projecting objects below, such as the toilet paper dispenser, in violation of 2010 ADA Standards § 609.3.

      5. The coat hook is mounted more than 48 inches above the finish floor in violation of 2010 ADA Standards §§ 604.8.3, 308.2.1, 308.3.1.

f. **First floor multi-user toilet room, Women:**

   i. The door, an interior hinged door, has a maximum opening force for pushing or pulling of greater than 5 pounds in violation of 2010 ADA Standards § 404.2.9.

   ii. The lavatory has knee space depth less than 8 inches deep and knee space height less than 27 inches above the finish floor in violation of 2010 ADA Standards § 306.3.3.

   iii. Paper towel dispenser:

      1. The forward and side reach height of the operable controls are mounted more than 48 inches above the finish floor in violation of 2010 ADA Standards §§ 308.2.1, 308.3.1.

      2. The dispenser is not operable with one hand and requires tight grasping, pinching, or twisting of the wrist in violation of 2010 ADA Standards § 309.4.

  iv. Designated Accessible Toilet compartment:

      1. The toilet compartment door swings into and encroaches on the minimum required compartment length in violation of 2010 ADA Standards § 604.8.1.2.

      2. The door pulls are not placed on both sides of the door near the latch in violation of 2010 ADA Standards § 604.8.1.2.

      3. The toilet paper dispenser centerline is not between 7 and 9 inches horizontally from the front of the water closet measured to the centerline of the dispenser in violation of 2010 ADA Standards § 604.7.

      4. The side grab bar has less than 1½ inches between the grab bar and projecting objects below, such as the toilet paper dispenser, in violation of 2010 ADA Standards § 609.3.

      5. The coat hook is mounted more than 48 inches above the finish floor in violation of 2010 ADA Standards §§ 604.8.3, 308.2.1, 308.3.1.

    g. **Second floor multi-user toilet room, Men:**

        i. Paper towel dispenser:

           1. The forward and side reach height of the operable controls are mounted more than 48 inches above the finish floor in violation of 2010 ADA Standards §§ 308.2.1, 308.3.1.

           2. The dispenser is not operable with one hand and requires tight grasping, pinching, or twisting of the wrist in violation of 2010 ADA Standards § 309.4.

        ii. Designated Accessible Toilet compartment:

           1. The toilet compartment door swings into and encroaches on the minimum required compartment length in violation of 2010 ADA Standards § 604.8.1.2.

           2. The door pulls are not placed on both sides of the door near the latch in violation of 2010 ADA Standards § 604.8.1.2.

           3. The toilet paper dispenser centerline is not between 7 and 9 inches horizontally from the front of the water closet measured to the centerline of the dispenser in violation of 2010 ADA Standards § 604.7.

           4. The side grab bar has less than 1½ inches between the grab bar and projecting objects below, such as the toilet paper dispenser, in violation of 2010 ADA Standards § 609.3.

      5. The rear grab bar does not extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side in violation of 2010 ADA Standards § 604.5.2.

h. **Second floor multi-user toilet room, Women:**

  i. Paper towel dispenser:

      1. The forward and side reach height of the operable controls are mounted more than 48 inches above the finish floor in violation of 2010 ADA Standards §§ 308.2.1, 308.3.1.

      2. The dispenser is not operable with one hand and requires tight grasping, pinching, or twisting of the wrist in violation of 2010 ADA Standards § 309.4.

  ii. Designated Accessible Toilet Compartment:

      1. The toilet compartment door swings into and encroaches on the minimum required compartment length in violation of 2010 ADA Standards § 604.8.1.2.

      2. The door pulls are not placed on both sides of the door near the latch in violation of 2010 ADA Standards § 604.8.1.2.

      3. The toilet paper dispenser centerline is not between 7 and 9 inches horizontally from the front of the water closet measured to the centerline of the dispenser in violation of 2010 ADA Standards § 604.7.

    4. The side grab bar has less than 1½ inches between the grab bar and projecting objects below, such as the toilet paper dispenser, in violation of 2010 ADA Standards § 609.3.

12. Individuals have been unable to visit or dine at 30 Hop's rooftop patio, despite their desire to do so, because there is no access for individuals with a mobility disability. The failure to provide an accessible route to 30 Hop's rooftop patio and its unique amenities has resulted in significant frustration, emotional distress and harm to individuals.

## Cause of Action

## Title III of the Americans with Disabilities Act

13. Defendants discriminated against individuals on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Defendants' place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201.

14. Defendants discriminated on the basis of disability by failing to design and construct 30 Hop to be readily accessible to and usable by individuals with disabilities in accordance with the ADA, its implementing regulation and the 2010 ADA Standards. 42 U.S.C. § 12183(a)(1); 28 C.F.R. §§ 36.401, 36.406(a).

15. Individuals were aggrieved by Defendants' discriminatory actions. 28 C.F.R. § 36.504(a)(2).

**Prayer for Relief**

WHEREFORE, Plaintiff United States of America prays that this Court enter an order granting the following relief:

16. Grant judgment in favor of the United States and declare that Defendants discriminated against individuals on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation; and declare that Defendants are discriminating against individuals with disabilities through a failure to design and construct 30 Hop to be readily accessible to and usable by individuals with disabilities, in violation of Title III of the ADA, 42 U.S.C. §§ 12181–12189, and its implementing regulation at 28 C.F.R. part 36.

17. Enjoin Defendants, their officers, agents, and employees and all other persons and entities in active concert or participation with Defendants, from discriminating on the basis of disability.

18. Order Defendants to bring 30 Hop into compliance with the ADA, its implementing regulation, and the 2010 ADA Standards.

19. Award monetary damages to aggrieved persons as compensation for harms endured as a result of Defendants' discriminatory actions, as authorized by 42 U.S.C. § 12188(b)(2)(B).

20. Assess a civil penalty against Defendants as authorized by 42 U.S.C. § 12188(b)(2)(C) to vindicate the public interest.

21. Order such other appropriate relief as the interests of justice may require.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney General

*/s/ Vanita Gupta*
VANITA GUPTA
Principal Deputy Assistant Attorney General
EVE L. HILL
Deputy Assistant Attorney General
Civil Rights Division

KEVIN E. VANDERSCHEL
United States Attorney
Southern District of Iowa

*/s/ Maureen McGuire*
MAUREEN MCGUIRE
Assistant U.S. Attorney
U.S. Attorney's Office, S.D. Iowa
110 E. Court Ave.
Des Moines, IA 50309
Telephone: (515) 473-9354
Fax: (515) 473-9292

*/s/ Rebecca B. Bond*
REBECCA B. BOND, Chief
KATHLEEN P. WOLFE, Special Litigation Counsel
KEVIN J. KIJEWSKI, Deputy Chief
Disability Rights Section

*/s/ Dov Lutzker*
DOV LUTZKER, Trial Attorney
California Bar 185106
Disability Rights Section (NYA)
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
Telephone: (202) 514-5746
Fax: (202) 514-7821
E-Mail: Dov.Lutzker@usdoj.gov

Dated: September 19, 2016