IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF IOWA

DAVENPORT DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

              v.

CRAFT LLC, 30 HOP LLC, d/b/a 30 HOP,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 3:16-CV-00093

## CONSENT DECREE

### I. BACKGROUND

**A. Introduction**

1. This Consent Decree is agreed to, by and between, Plaintiff United States of America and Defendants Craft LLC and 30 Hop LLC, d/b/a 30 Hop.

2. For purposes of this Consent Decree, Craft LLC and 30 Hop LLC are referred to as "Defendants," the United States Department of Justice is referred to as "Department" or "United States," and Plaintiff United States and Defendants are referred to collectively as the "Parties." This action was brought by the United States to enforce the provisions of Title III of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12181 -

1

12189 (Title III), and its implementing regulation, 28 C.F.R. part 36 (Title III

Regulation), which includes the 2010 ADA Standards for Accessible Design.  <u>See</u> C.F.R.

§ 36.104 (defining the "2010 ADA Standards" as the requirements set forth in appendices

B and D to 36 C.F.R. part 1191 and the requirements contained in subpart D of 28 C.F.R.

part 36).

3.  Defendant 30 Hop LLC owns and operates 30 Hop restaurant and bar, located at 900 East

2nd Avenue, Coralville, Iowa.  Defendant Craft LLC owns the facility located at 900 East

2nd Avenue and leases it to 30 Hop LLC.  The facility was designed and constructed by

Defendants.  The United States' Complaint in this action alleges that Defendants have

engaged in disability discrimination in violation of Title III of the ADA and the Title III

Regulation by failing to design and construct the 30 Hop facility in compliance with the

2010 ADA Standards.  Specifically, the Complaint alleges that 30 Hop restaurant and bar,

a newly constructed facility which opened for business in 2014, does not provide an

accessible route to the upper level rooftop patio or the basement, has an inaccessible

entrance, provides stairs with open risers, has no accessible dining tables, and contains

inaccessible toilet room elements.

4.  The United States avers that it initiated its investigation following a report in a newspaper

article that the 30 Hop rooftop dining area was inaccessible to individuals with mobility

disabilities.  Mitchell Schmidt, <u>30 Hop Rooftop Dining Area Not Wheelchair Accessible</u>,

Iowa Press-Citizen, August 4, 2014, <u>http://www.press-</u>

<u>citizen.com/story/news/local/2014/08/02/hop-rooftop-dining-area-wheelchair-</u>

<u>accessible/13503081/</u>.

5.  Following its investigation, the United States determined that one or more individuals with a disability have been aggrieved because 30 Hop's rooftop patio is inaccessible to individuals with mobility disabilities.  30 Hop's rooftop patio is the first in the area, offers food and beverage service, a view of the surrounding area, and entertainment, including weekly live music called "top of the hop," and community events including events hosted by the Iowa City Chamber of Commerce and other local groups and organizations.

6.  Defendants have their principal place of business at 900 East 2nd Avenue, Coralville, Iowa.  Defendants are a private entity within the meaning of Section 301 of the ADA, 42 U.S.C. § 12181, and 28 C.F.R. § 36.104.  The commercial facility owned by Craft LLC and the restaurant owned and operated by Defendant 30 Hop LLC is a place of public accommodation covered by Title III of the ADA.  28 C.F.R. § 36.104.  Because Defendants own, operate, designed and constructed a place of public accommodation, Defendants are covered by and subject to the requirements of Title III of the ADA.  42 U.S.C. §§ 12181(7)(B), 12182, 12183.  For purposes of this Consent Decree, "30 Hop" shall mean and refer to the place of public accommodation owned and operated by Defendants.

**B. Relevant Provisions of the Americans with Disabilities Act**

7.  The ADA prohibits public accommodations, including those that own and operate a restaurant or bar, from discriminating against individuals on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of places of public accommodation.  42 U.S.C. § 12182(a); 28 C.F.R. § 36.201.

3

8. The ADA also prohibits the failure to design and construct a restaurant or bar, and other places of public accommodation and commercial facilities built for first occupancy after January 26, 1993, to be readily accessible to and usable by individuals with disabilities in accordance with the 2010 ADA Standards. 42 U.S.C. § 12183(a)(1); 28 C.F.R. §§ 36.401, 36.406(a).

### C. Consent of the Parties to Entry of this Decree

9. The Parties agree that the Court has jurisdiction of this action pursuant to 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345. As indicated by the signatures appearing below, the Parties agree to entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the United States' Complaint. The United States alleges that Defendants violate Title III of the ADA because 30 Hop is inaccessible to individuals with disabilities as set forth in Paragraphs 11 – 19 herein. Defendants deny that they intentionally and/or willfully discriminated against any individual with a disability or violated Title III of the ADA, including the 2010 ADA Standards.

### It is hereby ADJUDGED, ORDERED, and DECREED:

### II. GENERAL NONDISCRIMINATION REQUIREMENTS

10. Defendants, and each of their officers, employees, agents, successors, and assigns, and all others in active concert or participation with Defendants, are enjoined from:

   a. Discriminating against an individual on the basis of disability or taking any other action in violation of Title III of the ADA, 42 U.S.C. § 12182;

   b. Failing to design and construct the 30 Hop facility so that it is readily accessible to and usable by individuals with disabilities, 42 U.S.C. § 12183; and

4

c. Failing or refusing to maintain accessible features in operable working condition. 28 C.F.R. § 36.211.

## III. ACTIONS TO REMEDY NONCOMPLIANCE WITH ACCESSIBILITY REQUIREMENTS AT 30 HOP

11. To ensure that 30 Hop is readily accessible to and usable by individuals with disabilities, Defendants will make physical, operational, and other modifications necessary to bring the 30 Hop facility into compliance with the 2010 ADA Standards, including all of the actions listed below, within six (6) months of entry of this Consent Decree, except for Paragraph 12.a. – d. and Paragraph 13, which will be completed within twelve (12) months of entry of this Consent Decree.

12. **Accessible routes:** Defendants will provide:

    a. At least one accessible route connecting each story in multi-story buildings and facilities, 2010 ADA Standards § 206.2.3;

    b. At least one accessible route connecting accessible building or facility entrances with all accessible spaces and elements within the building or facility that are otherwise connected by a circulation path, 2010 ADA Standards § 206.2.4;

    c. An accessible route to all restaurant dining areas, including outdoor dining areas, 2010 ADA Standards § 206.2.5;

    d. Elevator access between the ground floor level and upper floor (rooftop patio terrace) level of the 30 Hop facility, 2010 ADA Standards §§ 206.2.4, 206.2.5, 206.6, 407;

    e. Employee work areas allowing individuals with disabilities to approach, enter, and exit the employee work area, and common use circulation paths within

employee work areas on an accessible route, 2010 ADA Standards §§ 203.9, 206.2.8; and

    f.   An accessible route between the basement and ground floor level. Defendants will provide a platform lift between the basement and ground floor level that is on an accessible route; has interior dimensions of at least 30 inches by 48 inches for an inclined platform lift, at least 36 inches by 48 inches for a vertical platform lift with a forward approach, or at least 42 inches by 60 inches for a vertical platform lift if the entry is on the side; facilitates unassisted entry, operation, and exit; has a floor surface that is firm, stable, and slip resistant, has changes of level at the entrance and exit that are no more that ¼ inch high or between ¼ inch and ½ inch high and beveled to a slope no greater than 50%. Lift operating controls shall be located between 15 and 48 inches high; shall be usable with one hand; will not require tight grasping, pinching, or twisting of the wrist to operate; and will require no more than 5 pounds of force to operate. Lift doors and gates shall either be self-closing or operate by a low energy power operator, shall remain open for at least 20 seconds, and shall be at least 32 inches wide (or, if on the side of the lift, at least 42 inches wide). The gap between the platform sill and the edge of the runway landing shall be 1 inch or less. Provide standby power if the lift serves as part of an accessible means of egress. 2010 ADA Standards §§ 206.7, 207.2, 302, 303, 305, 308, 309, 404.2.4, 410.

13. **Exterior doors:**  Provide a minimum maneuvering clearance of 18 inches parallel to the front entrance single hinged doorway at the latch side in the pull direction. 2010 ADA Standards § 404.2.4.1.

6

14. **Stairways:**  The unenclosed stairs between the first and second floors contain open risers. Provide closed risers between the ground floor and upper level rooftop patio terrace. 2010 ADA Standards § 504.3.

15. **Dining surfaces:**  Provide accessible dining surfaces in the restaurant – including the ground floor bar, bar dining area, main dining area, and outdoor dining area; and upper level (rooftop patio terrace) bar, floor mounted drink rails, and outdoor dining area. Specifically, at least 5 percent of the dining surfaces shall provide clear floor space a minimum of 30 inches wide and a minimum of 48 inches deep positioned for a forward approach, knee and toe clearance extending a minimum of 17 inches under the dining surface, and a dining surface 28 inches minimum and 34 inches maximum above the finish floor.  Disperse the accessible dining surfaces throughout the ground floor and upper level (rooftop patio terrace) of the restaurant.  28 C.F.R. § 36.302(a); 2010 ADA Standards §§ 226.1, 226.2, 305, 306, 902.2, 902.3.

16. **First floor multi-user toilet room, Men:**

    a. The force for pushing or pulling open an interior hinged door shall be 5 pounds maximum.  2010 ADA Standards § 404.2.9.

    b. The lavatory knee clearance shall be 8 inches deep minimum at 27 inches above the finish floor.  2010 ADA Standards § 306.3.3.

    c. Mirrors located above countertops shall be installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor.  2010 ADA Standards § 603.3.

    d. Paper towel dispenser:

       i. The forward and side reach height of operable parts of unobstructed accessible elements shall be 48 inches maximum above the finish floor. 2010 ADA Standards §§ 308.2.1, 308.3.1.

      ii. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist.  2010 ADA Standards § 309.4.

e. Designated accessible toilet compartment:

       i. The toilet compartment doors shall not swing into the minimum required compartment area. 2010 ADA Standards § 604.8.1.2.

      ii. A door pull shall be placed on both sides of the door near the latch.  2010 ADA Standards § 604.8.1.2.

     iii. The toilet paper dispensers shall be 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser.  2010 ADA Standards § 604.7.

     iv. The space between the grab bar and projecting objects below shall be 1½ inches minimum.  2010 ADA Standards § 609.3.

      v. Coat hooks shall be located 48 inches maximum above the finish floor. 2010 ADA Standards §§ 604.8.3, 308.2.1, 308.3.1.

17. **First floor multi-user toilet room, Women:**

a. The force for pushing or pulling open an interior hinged door shall be 5 pounds maximum.  2010 ADA Standards § 404.2.9.

b. The lavatory knee clearance shall be 8 inches deep minimum at 27 inches above the finish floor.  2010 ADA Standards § 306.3.3.

c. Paper towel dispenser:

      i. The forward and side reach height of operable parts of unobstructed accessible elements shall be 48 inches maximum above the finish floor. 2010 ADA Standards §§ 308.2.1, 308.3.1.

      ii. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. 2010 ADA Standards § 309.4.

  d. Designated accessible toilet compartment:

      i. The toilet compartment doors shall not swing into the minimum required compartment area. 2010 ADA Standards § 604.8.1.2.

      ii. A door pull shall be placed on both sides of the door near the latch. 2010 ADA Standards § 604.8.1.2.

      iii. The toilet paper dispensers shall be 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser. 2010 ADA Standards § 604.7.

      iv. The space between the grab bar and projecting objects below shall be 1½ inches minimum. 2010 ADA Standards § 609.3.

      v. Coat hooks shall be located 48 inches maximum above the finish floor. 2010 ADA Standards §§ 604.8.3, 308.2.1, 308.3.1.

18. **Second floor multi-user toilet room, Men:**

  a. Paper towel dispenser:

      i. The forward and side reach height of operable parts of unobstructed accessible elements shall be 48 inches maximum above the finish floor. 2010 ADA Standards §§ 308.2.1, 308.3.1.

      ii. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. 2010 ADA Standards § 309.4.

  b. Designated accessible toilet compartment:

      i. The toilet compartment doors shall not swing into the minimum required compartment area. 2010 ADA Standards § 604.8.1.2.

      ii. A door pull shall be placed on both sides of the door near the latch. 2010 ADA Standards § 604.8.1.2.

      iii. The toilet paper dispensers shall be 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser. 2010 ADA Standards § 604.7.

      iv. The space between the grab bar and projecting objects below shall be 1½ inches minimum. 2010 ADA Standards § 609.3.

      v. The rear wall grab bar shall extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side. 2010 ADA Standards § 604.5.2.

19. **Second floor multi-user toilet room, Women:**

  a. Paper towel dispenser:

      i. The forward and side reach height of operable parts of unobstructed accessible elements shall be 48 inches maximum above the finish floor. 2010 ADA Standards §§ 308.2.1, 308.3.1.

      ii. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. 2010 ADA Standards § 309.4.

  b. Designated accessible toilet compartment:

i. The toilet compartment doors shall not swing into the minimum required compartment area. 2010 ADA Standards § 604.8.1.2.

ii. A door pull shall be placed on both sides of the door near the latch. 2010 ADA Standards § 604.8.1.2.

iii. The toilet paper dispensers shall be 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser. 2010 ADA Standards § 604.7.

iv. The space between the grab bar and projecting objects below shall be 1½ inches minimum. 2010 ADA Standards § 609.3.

## IV. DAMAGES AND CIVIL PENALTY

20. The ADA authorizes the Attorney General to seek a court award of compensatory damages on behalf of individuals aggrieved as the result of violations of Title III of the ADA. 42 U.S.C. § 12188(b)(2)(B); 28 C.F.R. § 36.504(a)(2). Within ten (10) days after receipt of a Release of Claims form (Exhibit 1), Defendants will compensate an aggrieved individual with a disability identified by the United States, by sending a certified check or money order made payable to the individual in the total amount of three thousand five hundred dollars ($3,500), via certified mail, Federal Express, UPS, or other overnight courier, to the address provided by the United States, and will simultaneously send a copy of the check to the United States.

21. The ADA authorizes the Attorney General to seek, and the Court to award, civil penalties of up to $75,000 for a first violation of Title III of the ADA and up to $150,000 for each subsequent violation. 42 U.S.C. § 12188(b)(2)(C) and (b)(3); 28 C.F.R. § 36.504(a)(3) and (b). The United States believes the imposition of a civil penalty in

this case is warranted to vindicate the public interest. Defendants will pay a civil penalty

to the United States in the amount of seventeen thousand five hundred dollars ($17,500).

Defendants will deliver the check or money order made payable to the Treasury of the

United States to counsel for the United States by common carrier Federal Express,

delivery prepaid within thirty (30) days after entry of this Consent Decree.

## V. REPORTING, MONITORING, ENFORCEMENT, AND OTHER MISCELLANEOUS PROVISIONS

22. Beginning eight (8) months after entry of this Consent Decree and every eight (8) months

    thereafter throughout the term of this Consent Decree, Defendants shall submit to counsel

    for the United States a written report detailing the actions taken by Defendants to comply

    with this Consent Decree for the eight (8) month period preceding the report, including

    the following: (1) detailed photographs showing measurements, architectural plans, work

    orders; (2) a description of any complaints about the accessibility of 30 Hop by

    individuals with disabilities and actions taken to address each such complaint; and, (3) a

    copy of any other documents or information required by this Consent Decree.

23. The Department may review compliance with this Consent Decree at any time and may

    file a motion to enforce this Consent Decree if it believes that the Consent Decree, or any

    requirement thereof, has been violated. The Department may conduct an on-site review

    of 30 Hop, review any records related to actions required by the Consent Decree, and

    interview any 30 Hop employees or contractors for purposes of reviewing compliance

    with this Consent Decree and ADA requirements, including the requirements of the 2010

    ADA Standards. If the Department identifies any noncompliance with the Consent

    Decree or the 2010 ADA Standards, it will notify Defendants and attempt to resolve the

    violations in good faith. If Defendants have not corrected the noncompliance within

forty-five (45) days after the receipt of notice, the violation may be considered a subsequent violation and may require payment of a subsequent violation civil penalty in the amount not exceeding one hundred fifty thousand dollars ($150,000). The Department will provide written notice to Defendants of any records that it wishes to inspect or personnel whom it wishes to interview at least ten (10) business days before doing so.

24. Failure by the United States to enforce this entire Consent Decree or any of its provisions or deadlines shall not be construed as a waiver of the right of the United States to enforce any deadlines and provisions of this Consent Decree.

25. All materials sent to the United States pursuant to this Consent Decree shall be sent to the following address by common carrier Federal Express, delivery prepaid: Disability Rights Section, Attn: Dov Lutzker, Trial Attorney, Disability Rights Section, Civil Rights Division, U.S. Department of Justice, 1425 New York Avenue, N.W., Washington, D.C. 20005. The cover letter shall include a subject line referencing 30 Hop and DJ# 202-28-68.

26. The Effective Date of this Consent Decree (Effective Date) is the date of entry by the Court after the signatures of all Parties have been obtained.

27. This Consent Decree is limited to resolving claims under Title III of the ADA related to the facts specifically set forth in Paragraphs 3-5 above involving architectural noncompliance with the 2010 ADA Standards at 30 Hop. Nothing in this Consent Decree affects Defendants' obligations to comply with any other federal, state, or local statutory, administrative, regulatory, or common law obligation, including those relating to nondiscrimination against or accessibility for individuals with disabilities.

28. A copy of this Consent Decree and any information contained in it shall be made available to any person by Defendants or the United States upon request.

29. The United States' Complaint shall be dismissed without prejudice to the right of the United States to petition the Court, at any time during the duration of this Consent Decree, to reopen the case for the purposes of enforcing the Consent Decree. The Parties to this Consent Decree shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution.

30. Any time limits for performance imposed by this Consent Decree may be extended by the mutual written agreement of the Parties.

31. Each of the Parties to this litigation will bear its own costs and attorney's fees associated with this litigation.

32. This Consent Decree is final and binding on Defendants, and its agents, officers, employees, contractors, and successors in interest. In the event Defendants seek to transfer or assign all or part of its interest in 30 Hop to an unrelated entity, and the unrelated entity intends to carry on the same or a similar use of the facility, Defendants shall either make all necessary modifications required by Paragraphs 11-19 prior to the transfer or assignment or, as a condition of sale, obtain the written accession of the unrelated entity to any obligations remaining under Paragraphs 11-19 of this Consent Decree for the remaining term of this Consent Decree. In the event Defendants seek to transfer or assign all or part of its interests in 30 Hop to an affiliate or other related entity, Defendants shall retain all obligations under this Consent Decree with respect to such facility.

33. The individuals signing this Consent Decree represent that they are authorized to do so on behalf of the respective entity for which they have signed.

34. This Consent Decree shall remain in effect for a term of two (2) years from its Effective Date.  The term of this Consent Decree may be extended by mutual written agreement of the Parties.

SO ORDERED this  13th day of _October_ , 2016.

_____
UNITED STATES DISTRICT JUDGE

**Signatures indicating agreement to entry of this Consent Decree:**

_For Craft LLC and 30 Hop LLC:_                          For the United States of America:

                                                            LORETTA E. LYNCH
                                                            Attorney General

_/s/ Brian Flynn_
Brian Flynn, Member/Manager                              VANITA GUPTA
Craft LLC                                                Principal Deputy Assistant Attorney General
900 East 2nd Avenue                           Civil Rights Division
Coralville, Iowa

                                                            EVE L. HILL
                                                            Deputy Assistant Attorney General
                                                            Civil Rights Division

_/s/ Brian Flynn_
Brian Flynn, Member/Manager                              KEVIN E. VANDERSCHEL
30 Hop LLC                                               United States Attorney
900 East 2nd Avenue                           Southern District of Iowa
Coralville, Iowa

                                                            REBECCA B. BOND, Chief
                                                            KATHLEEN P. WOLFE, Special Litigation Counsel
                                                            KEVIN J. KIJEWSKI, Deputy Chief
Dated: 9/1/2016                                          Disability Rights Section

                                                            _/s/ Dov Lutzker_
                                                            DOV LUTZKER, Trial Attorney
                                                            California Bar 185106
                                                            Disability Rights Section (NYA)
                                                            U.S. Department of Justice
                                                            950 Pennsylvania Ave., N.W.
                                                            Washington, D.C. 20530
                                                            Telephone: (202) 514-5746
                                                            Fax: (202) 514-7821
                                                            E-Mail: Dov.Lutzker@usdoj.gov

16

/s/ Maureen McGuire
MAUREEN MCGUIRE
Assistant U.S. Attorney
U.S. Attorney's Office, S.D. Iowa
110 E. Court Ave.
Des Moines, IA 50309
Telephone: (515) 473-9354
Fax: (515) 473-9292


Dated: _____

17

**Exhibit 1**

**RELEASE OF CLAIMS FORM**

United States v. Craft LLC and 30 Hop LLC
Civil Action No. [                    ]

      For and in consideration of the remedial relief made by Craft LLC and 30 Hop LLC, under the provisions of the Consent Decree entered into by, and between, the United States and Craft LLC and 30 Hop LLC, I, _____, hereby release and forever discharge Craft LLC and 30 Hop LLC, and its current, past, and future officers, employees, agents, contractors, successors, assigns, and administrators, of and from any legal and equitable claims, actions, causes of action, suits, controversies, damages, and demands whatsoever that I had, now have, or hereafter may have arising out of Civil Action No. [            ] filed in the United States District Court for the Southern District of Iowa.

      This Release constitutes the entire agreement between me and Craft LLC and 30 Hop LLC without exception or exclusion.  This Release will be considered null and void in the event that Craft LLC and 30 Hop LLC fail to offer the relief provided for in Paragraph 20 of the Consent Decree.

      I have read this Release and understand the contents thereof and I execute this Release of my own free act and deed.  I also acknowledge that a copy of the Consent Decree has been made available to me.  By signing this Release, I acknowledge that I have been provided the opportunity to review the same with an attorney of my choosing.

Signed this _____ day of _____, 2016.

_____
[NAME]